UNITED STATES

v.

**Senior Airman Van L. JONES, FR 508–76–4167, United States Air Force.**

**ACM 22300.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 22 July 1977.
Decided 17 March 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Major Gary C. Smallridge, and Captain Wade B. Morrison.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before EARLY, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

Accused was convicted by general court-martial of four specifications of selling phencyclidine (PCP) and one specification of transferring marijuana, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934. He was sentenced to a bad conduct discharge, confinement at hard labor for two years, forfeiture of $200.00 per month for 24 months and reduction to the grade of airman basic.

Appellate defense counsel assert five alleged errors and trial defense counsel assert

four additional errors in an Article 38(c), Code, supra, brief. Three assignments of error require discussion. The remaining are either without merit, or were adequately discussed by the staff judge advocate in his review and properly resolved adversely to the accused.

■ Appellate defense counsel assert that the review of the staff judge advocate is inadequate in that the reviewer improperly drew adverse inferences from the accused's insistence on asserting his innocence. The reviewer stated that the accused "expressed no contrition for his offense," and asserted that he was "framed". Careful reading of the review, however, leads us to conclude that the reviewer drew no adverse inferences from the accused's assertion of innocence, but merely sought to explain the reason for the accused's attitude.

■ Obviously adverse inferences should not be drawn from protestations of innocence. *United States v. Hill,* 4 M.J. 33 (C.M.A.1977). Even though we conclude that no adverse inferences were drawn from the statement in this case, we will nevertheless, in order to preclude any possibility of prejudice to the accused, consider this matter in reassessment of the sentence.

In the remaining assignments of error to be discussed, appellate defense counsel assert that the court lacks jurisdiction over the Specification of Charge II, the transfer of marijuana, and that the transfer of marijuana is multiplicious for sentencing with Specification 3, Charge I, the sale of PCP.

The record reveals that after substantial negotiations on base and several prior sales of PCP to the informant, the accused became disturbed when the informant came to his home without the money to purchase the PCP as agreed. Shortly thereafter, the informant left and returned with the money required to complete the sale. Along with the PCP, the accused gave him a "joint" of marijuana, stating that it was a friendly gesture for his earlier anger at him.

■ The marijuana transfer grew directly out of and was intimately related to the sales of PCP, for which there is no contest as to the right of the military to exercise jurisdiction. The transfer of the marijuana was nothing more than giving "good value" in an effort to rehabilitate the good will the accused believed that he had damaged. Under these facts, the transfer was an integral part of the sale of PCP, and established a military interest distinct from and greater than the interest of the civilian community. *United States v. Alef,* 4 M.J. 414 (C.M.A.1977); *United States v. Wilson,* (unpublished) A.C.M. 22050 (A.F.C.M.R. 23 July 1976), *aff'd by order,* 4 M.J. 85 (1977).*

■ The same facts that permit the military to exercise jurisdiction also require a finding of multiplicity as to sentencing. In *United States v. Hughes,* 1 M.J. 346 (C.M.A. 1976), it was held that the simultaneous possession of various controlled drugs were not separately punishable. This Court, in *United States v. Gash,* 2 M.J. 707 (A.F.C.M.R.1976), saw no difference in *Hughes* and the sale of different controlled drugs to the same individual when the circumstances demonstrated that various controlled drugs were conveyed simultaneously. We perceive no distinction between the simultaneous sale of different drugs in *Gash,* and the simultaneous sale and transfer to a single individual of various controlled drugs as occurred in this case. The facts demonstrate simultaneous drug transactions with a single individual and, therefore, require

* In *Wilson,* an OSI agent and an informant met the accused on base and made arrangements to purchase heroin. The accused advised them to come by his off-base quarters later. The two would-be purchasers appeared at the accused's quarters at the appointed hour only to find that the accused was not then in possession of heroin. The accused advised that they should return later to complete the heroin purchase, however, he offered, at that point in time, pentobarbital, which is known in the vernacular as "pink ladies." The government agents purchased the "pink ladies" and returned later to purchase the heroin which they had negotiated for on base. In that factual situation, the United States Court of Military Appeals affirmed jurisdiction.

the merger of the offenses into a single offense for punishment purposes. *United States v. Hughes,* supra; *United States v. Gash,* supra. The military judge erred in failing to treat Specification 3, Charge I, and the Specification of Charge II as multiplicious for sentencing.

Reassessing the sentence in light of the foregoing, we find appropriate only so much of the sentence, as provides for a bad conduct discharge, confinement at hard labor for 18 months, forfeiture of $200.00 per month for 18 months and reduction to the grade of airman basic.

The findings of guilty and the sentence, as modified herein, are

AFFIRMED.

EARLY, Chief Judge, and ORSER, Judge, concur.